## BLAIR v. BLAIR.

### No. 1838.

Court of Civil Appeals of Texas. Waco.

April 1, 1937.

Rehearing Denied May 6, 1937.

Stinnett & Stinnett and Robt. W. Brown, all of Gatesville, for appellant.

Tom Mears and Tom L. Robinson, both of Gatesville, for appellee.

ALEXANDER, Justice.

This suit was brought by C. W. Blair for divorce. The trial court, on a verdict of the jury on special issues, awarded the divorce to Mrs. Blair on her cross-action, set aside to each of the parties certain property as his or her separate property, and ordered partition of the community property. Mrs. Blair claimed that prior to their marriage her husband had agreed to acquire the title to a certain tract of 80 acres of land and to hold the title to the same in trust for her use and benefit as her separate property. The court awarded this land to the husband as his separate property and declined to award the same to Mrs. Blair. This ruling is assigned as error.

The trial court's ruling was based on the fact that the evidence showed the legal title to the property to be in the husband at the time of the marriage, and there was no evidence of a written agreement on his part to convey the land to Mrs. Blair. We do not find it necessary to pass on the sufficiency of the evidence to raise an issue as to the purported agreement on the part of the husband to acquire and hold the title to the property for the use and benefit of the wife, for the reason that this supposed issue is settled by the pleadings. Mrs. Blair, in paragraph 8 of her cross-action, alleged specifically that C. W. Blair held the legal title to the land in question for her use and benefit, she owning and holding the equitable title thereto. The husband, in his supplemental petition in reply thereto, alleged as follows: "Plaintiff also admits the ownership in the capacity alleged in

paragraph 8 of the defendant's cross-action." It thus appears that the parties have united in alleging that the husband held the legal title to the property in trust for the wife. Where the parties thus unite in alleging a fact, there is no need of introducing proof thereof. 33 Tex.Jur. 641; Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187, par. 2; Caulk v. Anderson, 120 Tex. 253, 37 S.W.(2d) 1008, par. 1; Hake v. Dilworth (Tex. Civ.App.) 96 S.W.(2d) 121, par. 3; American Nat. Ins. Co. v. Hammond (Tex.Civ. App.) 91 S.W.(2d) 432; Edwards v. West Texas Hospital (Tex.Civ.App.) 89 S.W. (2d) 801, par. 16. If C. W. Blair held the legal title to the property in trust for Mrs. Blair, as alleged by both parties, she was entitled to the use and benefit thereof, and the court should have awarded the property to her. 42 Tex.Jur. 709; Blumrosen v. Burke (Tex.Civ.App.) 37 S.W.(2d) 1070; Griggs v. Jefferson Bank & Trust Co. (Tex.Civ.App.) 57 S.W.(2d) 390. Upon another trial, if the pleadings remain as they are, the court should award the title to this particular tract of land to Mrs. Blair.

 The evidence disclosed that Mrs. Blair had two small children by a prior marriage, but there were ·no· children as the result of the marriage between herself and appellee. She owns but little property, whereas appellee owns considerable property. ⸝She sought to have the income from a part of the husband's separate property set aside to her for her use and benefit, as provided in Revised Statutes, art. 4638. The trial court declined this request. Recitations in certain findings made by the trial court indicate that the trial court was of the opinion that he had no right to award Mrs. Blair the use and benefit of the income from any of the husband's separate property, in view of the fact that there were no minor children as ·the result of their marriage. Whether or not the trial court shall award to the unoffending spouse the right to the fruits and revenues from the separate property of the other party for her support appears to be vested in the sound discretion of the trial court, 15 Tex.Jur. 582, but the right to do so is not dependent upon whether or not there are any minor children as the result of the marriage. As we understand the law, the trial court has a right to make such an award if the facts otherwise justify it, even though there are no such minor children to be supported. · Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Housewright v. Housewright (Tex.Civ.App.) 41 S.W.(2d) 1071; Clark v. Clark (Tex.Civ.App.) 35 S.W. (2d) 189; Keton v. Clark (Tex.Civ.App.) 67 S.W.(2d) 437; Evans v. Evans (Tex. Civ.App.) 50 S.W.(2d) 842.

There is no appeal from the judgment for divorce in favor of appellant. That part of the judgment will be affirmed. In all other respects, the judgment of the trial court will be reversed and remanded for a new trial.