**FARROW v. FARROW.**

No. 9957.

Court of Civil Appeals of Texas.
Austin.

March 21, 1951.

W. S. Leslie and Francis G. Culhane, both of San Angelo, for appellant.

Upton, Upton, Baker & Griffis, by H. C. Upton, San Angelo, for appellee.

HUGHES, Justice.

This is a divorce suit in which divorce is no longer an issue.

The complaints made by the appellant, Mrs. Valeria D. Farrow, who obtained the divorce in a nonjury trial, are (1) that the court erred in not holding that all of the property involved was community property on the ground that the separate and community estates of the parties had been so commingled as to destroy identification; (2) that the court erred in ordering alimony allowed her pending appeal payable out of her share of the community estate; and (3) that the court erred in not allowing a fee for her attorneys.

The judgment awarded appellant the sum of $4,500, being $3,000 separate funds owned by her and $1,500 for her interest in the community estate, as well as certain personal property.

Appellant concedes that the judgment, in this respect, is fair and equitable. Her claim for a larger award is based solely upon application of the legal doctrine of commingling.

This is the third divorce between the parties. The last marriage occurred July 2, 1945. At that time appellee had on deposit in various banks the sum of $29,602.76, and also owned certain mineral interests about which there is no contest.

Appellant at such time owned a house and lot which she sold shortly after the marriage for $3,000 cash. This money was deposited in one of appellee's bank accounts.

In making the business transactions hereafter mentioned appellee made withdrawals from, deposits to, and transfers between the various bank accounts, but at no time did the joint bank balance fall below the sum of $3,000.

During the marriage appellee was not employed except for himself. His only business activity during the marriage was buying and selling pieces of real estate, some livestock, and their interim management. These transactions are fully and minutely described and explained in the evidence, principally from the testimony of one of appellant's attorneys who, prior to the trial, had been delivered all of appellee's books, records and accounts.

We need not detail this evidence but will only set out its general nature and effect.

Appellee seems to have been a very careful and methodical business man. The details of the several trades which he made are fully and accurately reflected by the deeds, notes, checks and bank accounts. There is no intimation of any sub rosa deals.

His method of operating was plain and simple. He paid cash for property which he bought, the amount of which was shown either by a recitation in the deed or by check on one of his bank accounts. On properties which he sold the cash received was and notes retained were correctly recited in the deeds and the cash was deposited to one of his accounts.

While a piece of property was in appellee's possession it was usually repaired and improved, the expenditures for which are free from doubt. Rents collected from such properties are fully accounted for as well as interest collected on notes.

Actual profits made by appellee in all his trades were about $1,000. Other income to appellee during the marriage was $2,000 bonus for an oil lease on his separate lands and some small collections of rent and interest.

When appellee's assets were inventoried and appraised at the time of trial they had a value of $29,984, excluding the mineral interests, or about $300 more than he had at the time of marriage. This amount, however, included appellant's $3,000. Add the $1,500 awarded appellant for her community interest and it appears that the net result of the marriage to appellant, financially speaking, is a net loss of about $4,200.

These facts, in our opinion, fall far short of those required to enforce a forfeiture of appellee's separate estate under the commingling doctrine, some principles of which will now be stated.

In Andrews v. Brown, Tex.Com. App., 10 S.W.2d 707, 709, cited with approval in Mooers v. Richardson Petroleum Company, 146 Tex. 174, 204 S.W.2d 606, the following appears:

"'If a man mixes trust funds with his own,' it is said, 'the whole will be treated as trust property, except so far as he may be able to distinguish what is his own.' * * * That principle seems to have recognition in most, if not all, American jurisdictions. * * *

"Analogous doctrines are part of the law of accession and specification * * *, and of confusion of goods. * * *. The principle, we apprehend, is but a part of equity's declination to extricate the wrongdoer from self-imposed hard conditions, or to tax the innocent, where one of two not in pari delicto must suffer."

In 9 Tex.Jur. title Confusion of Goods, Sec. 2, we find these principles stated: "An owner who wrongfully permits the property of another to become so intermingled and confused with his own property as to render impossible the identification of either is under the burden of disclosing such facts as will insure a fair division, and if he fails or refuses to do so, the combined property or its value will be awarded to the injured party. The rule applies where there has been an intermingling of cattle, community property or what-not. There must be a wilful or wrongful invasion of right in order to induce the condign consequences of forfeiture. This doctrine of the law has often been discussed, and it may be considered as having been clearly and distinctly settled."

And in Section 3 thereof: "* * * Again, if the goods are of the same nature and value and the portion of each owner is known, or if a division can be made of equal proportionate value,—as in the case of a mixture of corn, coffee, tea, wine or other article of the same kind and quality,—then each owner may claim his aliquot part."

There is no evidence here that appellee wrongfully confused appellant's money with his own. If she trusted him with its keep, as she apparently did, he has at all times preserved the trust. The money has been and is on hand. One dollar has the same value as another and under the law there can be no commingling by the mixing of dollars when the number owned by each claimant is known.

It is true that appellee changed the form of his separate estate frequently but this did not change its legal status, for the separate character of property is not affected by any number of changes and mutations in its form. 23 Tex.Jur., p. 89.

We, therefore, overrule appellant's contention that appellee's separate property has changed into community property.

The judgment from which this appeal was taken was entered on October 23, 1950. On November 1, 1950, the trial court entered an order directing appellee to pay appellant alimony of $100 per month pending appeal of this case to be charged against appellant's share of the community estate.

It has been held that such an order is not reviewable on an appeal taken from the previous judgment in the main case. Jones v. Jones, Tex.Civ.App., 211 S.W.2d 269 (El Paso). If this holding is correct then we are without authority to consider appellant's contention that the court erred in charging her with alimony paid pending the appeal.

If, however, we have jurisdiction to review this order we would not disturb it. Appellant sued for and obtained a divorce. The issue of divorce was not contested in the court below nor in this court. This appeal then only delayed but did not make doubtful the ultimate finality of the divorce decree. The practical effect of this situation would be that appellee, if he is charged with this alimony, is made to support a woman not his wife.

Since the judgment awarded appellant ample separate and community property sufficient to support her pending this appeal, we hold that the trial court did not abuse his discretion in charging appellant with alimony paid her pending her appeal. Art. 4637, Vernon's Ann.Civ.St.; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180 (Amarillo, Writ Dis. WOJ).

It is difficult for us to understand the refusal of the trial court to allow appellant a fee for her attorneys. The services of counsel seem never to have been more needed, and compensation therefor never more deserved.

Appellant sued for divorce and establishment of her property rights. A temporary restraining order was issued. After a hearing a temporary injunction was issued; temporary alimony was granted and appellee was ordered to file an inventory. When he filed this inventory, under oath, he claimed all of the property to be his separate estate. Appellee's answer was to the same effect. Appellant's attorneys did an unusual amount of work in establishing the falsity of ap-

pellee's claim. There is a 105-page volume of exhibits in this case containing deeds, notes, bank statements, etc. The statement of facts contains 160 pages, 48 of which were consumed in examining one of appellant's attorneys regarding his investigation of the business affairs of appellee. The result of these labors was that appellant recovered $4,500, a recovery which appellee does not challenge, notwithstanding his pleadings and sworn inventory that all the property was his.

In our opinion a fee of $500 is reasonable and should be allowed. Our authority in this respect is National Life & Accident Ins. Co. v. Runnels, Tex.Civ. App., 227 S.W.2d 351 (Dallas).

We, therefore, reform the judgment of the trial court by decreeing that appellant recover of appellee the sum of $500 as attorneys' fees, and as so reformed the judgment of the trial court is affirmed.

Costs of this appeal are assessed against appellee.

Reformed and affirmed.