## HARTMAN v. HARTMAN.

### No. 10088.

Court of Civil Appeals of Texas. Austin.

Nov. 19, 1952.

Rehearing Denied Dec. 10, 1952.

Burt Barr and Earl R. Parker, Dallas, for appellant.

William W. Sweet, Jr., Dallas, for appellee.

HUGHES, Justice.

This divorce suit is the culmination of the second marriage between appellant, Rosalie Hartman and appellee, Christian C. Hartman. The parties were first married December 25, 1947, and divorced April 6, 1950. They remarried August 5, 1950, and separated about February 12, 1952.

Appellant, plaintiff below, sued for divorce, partition of the community property, temporary alimony, appointment of a receiver, attorney's fees, an order requiring appellee to file an inventory of community property, and a multiple restraining order to be perpetuated on final hearing.

After a nonjury trial judgment was rendered granting appellant a divorce and an unsecured money judgment in lieu of actual partition of the community estate, from which latter portion of the judgment appellant appeals.

Appellant makes three points which are that the court erred in divesting her of title to community real estate and erred in holding that appellee had not commingled his separate property with community property so as to be irretrievable and, similarly, that appellee had not traced his separate property by satisfactory evidence.

The court made the following fact finding:

"2. That plaintiff and defendant own an estate consisting of real and personal property of the present value of $50,536.00;

"3. That the defendant, at the time he entered into marriage with the plaintiff on August 5th, 1950, owned separate property of the value of $37,794.00;

"4. That the separate property of defendant was invested in defendant's building business;

"5. That the defendant has been continuously engaged in said building business during the entire course of this marriage.

"6. That said building business has made profits.

"7. That plaintiff made no investment whatsoever of any of her separate funds in said building business;

"*      *      *      *      *      *

"9. That there is an income tax due for the year 1951 on the earnings of the defendant in the sum of $5,226.-89;

"*      *      *      *      *      *

"17. That plaintiff owns as her own and separate property one house and lot located at 6804 Casa Loma, Dallas, Texas, and one-half undivided interest in one house and lot located at 6147 Lakeshore Drive, Dallas, Texas;

"18. That the note held by Amalie Hartman in the sum of $1,700.00 is the separate debt of defendant.

"19. That plaintiff owns as her own and separate property one certain 1947 model Chevrolet two-door sedan now standing in her name, and that defendant owns as his own and separate property one certain 1947 model Chevrolet two-door sedan now standing in his name."

The court made these conclusions:

"13. That it would be equitable, just and right with due regard to the rights of the parties involved, that defendant be allowed reimbursement of the sum of $30,000.00 as compensation for the investment of his separate estate in said business;[1]

"14. That the attorney's fee of $1,250.00 and the income tax due for the year 1951 in the sum of $5,226.89 should be charged against the balance of the estate remaining;

"15. That the balance of the estate remaining after reimbursement to the defendant, payment of attorney's fees and payment of income tax for 1951 would be the sum of $14,059.11, and

1. The discrepancy between this finding and findings 3 and 4 is probably due to the fact that appellee gave his two children by a former and different wife some six or seven thousand dollars during this marriage.

that said sum should be divided equally between the parties thereby giving to each party the sum of $7,029.55.

"16. That it would be equitable, just and right to give plaintiff a judgment of $7,029.55 against the defendant as her share of the estate."

Judgment consistent with these findings was entered. A money judgment was rendered in favor of appellant for $7,029.55. Decreed to be her separate property was a house and lot located at 6804 Casa Loma, in Dallas, an undivided one-half interest in a house and lot located at 6147 Lakeshore Drive, in Dallas, and a 1947 Chevrolet car, which property was owned by appellant prior to this marriage.

Awarded appellee as his separate property was an unfinished house and lot located on Sudbury Street, in Dallas, a house and lot located at 6158 Marquita Street, in Dallas, and 235 acres of land in Rockwall County, personal property located thereon and a Chevrolet car.

Income taxes for 1951 in the sum of $5,226.89 and a $1,700 debt due Amalie Hartman were decreed to be the separate debts of appellee.

The real property set aside to appellee, except the Marquita Street house, was purchased during the current marriage of the parties and is, presumably, community property.

Appellee testified that when he married Mrs. Hartman the second time that he had $15,622 on deposit in the National City Bank. That this money constituted a building account and was used to construct houses for sale. That upon sales being made the money and profits were returned to the account and the same process repeated over and over again.

Also at the time of remarriage appellee owned eight vacant lots and four houses under construction, in which appellee had some $20,000 invested. All of these places were built or completed and sold, except the place on Marquita Street, which was improved but not sold, and the monies placed in the building bank account.

It also appears that in the course of his successful building business appellee borrowed, during the marriage, about $236,000 which went through this bank account.

■ Under the above facts we overrule appellant's assignment contending that appellee has forfeited the right to claim the separate character of his property under the doctrine of commingling. We have, in the case of Farrow v. Farrow, Tex.Civ. App., 238 S.W.2d 255, recently discussed a similar contention under an almost identical fact situation and we refer to that opinion and the authorities therein cited for a more complete statement of applicable principles of law and equity.

Here we have a husband successfully risking a sizeable separate estate in order to create a community estate and without any assistance from the wife's separate estate. Declaration of a forfeiture of the husband's separate estate under these circumstances would be grossly inequitable and would establish a precedent inimicable to the welfare of the marriage relationship.

We must, however, sustain appellant's assignment that she has, against her consent, been divested of title to real estate in violation of Article 4638, V.A.C.S., which provides that in dividing the estate of parties to a divorce action the authority given the court shall not be construed as compelling either party to divest himself of title to real estate.

Since this case must be reversed and remanded we will give our reasons for this holding as well as rules for guidance of the trial court in dividing the estate of the parties.

■ 1. Neither party should be compelled to divest himself of title to real estate. Art. 4638, supra; Donias v. Quintero, Tex.Civ.App., 227 S.W.2d 252, 253 (El Paso C.C.A.); Lewis v. Lewis, Tex. Civ.App., 179 S.W.2d 594 (Fort Worth C.C.A.); O'Neil v. O'Neil, Tex.Civ.App., 77 S.W.2d 554 (Eastland C.C.A., error dism.).

■ 2. Whether real property is separate or community property must be determined as of the date it is acquired. Col-

den v. Alexander, 141 Tex. 134, 171 S.W.2d 328.

3. " * * * acquisition [of property purchased partly with community funds and partly with separate funds of one of the spouses] has the effect of creating a kind of tenancy in common between the separate and community estates, each owning an interest in the proportion that it supplies the consideration." Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, 883.

4. If property is acquired as separate property but thereafter partly paid for or improved out of community funds, the community estate is entitled to reimbursement. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, Colden v. Alexander, supra. See Tex.Jur., Vol. 23, Husband and Wife, Secs. 104 and 158.

5. The amount of reimbursement in the case of improvements is to be measured by the enhanced value of the property due to the investment and not by the amount invested. Lindsay v. Clayman, Tex.Sup., 254 S.W.2d 777.

It is obvious from appellee's own testimony that his separate and community funds have been indiscriminately used to either buy or improve all of the real estate set aside to him in the judgment.

It is certain, therefore, that the community estate has an interest in such properties either by way of reimbursement or by ownership, under the rules and decisions above cited. It is only necessary to determine the essential facts, indicated above, in order to render a proper judgment.

Nothing which we have said herein should be construed as precluding the court below from equitably partitioning the real estate between the parties nor from ordering a sale thereof if partition in kind is not feasible.

That portion of the judgment from which this appeal was taken is reversed and this cause is remanded for trial in accordance with this opinion.

Reversed and remanded.