W. J. FULWILER, Jr., Appellant,

v.

Betsy FULWILER, Appellee.

No. 3951.

Court of Civil Appeals of Texas.

Eastland.

May 28, 1965.

Brooks & Jones and Jack Bryant, Abilene, for appellant.

Scarborough, Black, Tarpley & Scarborough, Abilene, for appellee.

PER CURIAM.

Mrs. Fulwiler obtained a divorce from her husband and a division of property. Mr. Fulwiler has appealed from that part of the judgment dividing the property. A portion of the award to the wife was based upon the fact that community funds were used to improve the husband's separate real estate and the conclusion that she should be reimbursed therefor. Stated generally, appellant's main complaint is that such award was based in part upon the cost of such improvement instead of the amount the separate estate was enhanced in value

by the use of community funds. There is no question about the correctness of the rule of law asserted by appellant that the amount of reimbursement should be determined by the amount of enhancement in value rather than the amount spent by the community. Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777, 781; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620. The real question is whether such rule was observed and, if not strictly observed, whether appellant has shown that he was injured thereby. A large number of properties were involved and the record is large. Out of the disposition of many properties appellant complains of the action taken with reference only to a few.

There were allegations and evidence of such enhancement. In addition to direct evidence of enhancement there were facts and circumstances from which enhancement might be inferred. In cases such as this the statutory duty of the court is to divide the estate "in such a way as the court shall deem just and right * * *" Article 4638. The right to reimbursement is an equity and mathematical certainty in its determination is not required. Division of the estate of the parties is not required to be equal. The trial court can make such a division as it deems just and right under the facts and circumstances shown. It is permitted to consider the fact that the wife is not experienced in business and has little earning capacity, the loss she has sustained by termination of the marriage by reason of the fault of the husband and that he is an experienced, successful businessman. It has been held under certain circumstances that the trial court's conclusion that the division was fair supports the judgment and that it cannot be reversed unless abuse of discretion is established. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682; Duncan v. Duncan, Tex.Civ.App., 374 S.W.2d 800; Professor Huie's Commentary—Community Property Law, 13 Vernon's Texas Civil Statutes, page 45; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; 20 Tex. Jur.2d page 557. Ordinarily it is said that such a judgment will not be reversed unless abuse of discretion is shown.

Appellant presents his first, second, fifth, eighth and ninth points together. Appellant's first point is that the court erred in failing to sustain his exceptions to paragraph five of appellee's second amended petition because (a) it asserts a claim against appellant's separate estate for repairs and (b) alleges enhancement of appellant's separate estate, but does not state how the money was used to enhance said estate, nor the amount of enhancement. The second point contends the court erred in admitting testimony relative to the amount of community funds spent in repairing, rebuilding or refurbishing appellant's separate property, because the correct test is the amount of enhancement, not the amount spent. The fifth point presents the contention that the court erred in (number 11 of its first findings of fact) finding that community funds were spent for repairing and maintaining defendant's separate property at 1317 South 1st Street, 881 Pine Street and the Lake House because such finding, if correct, was not sufficient as a finding of enhanced value. The eighth point is that the court erred in concluding (number 3 of its second conclusions of law) that appellee was entitled to reimbursement for community funds spent for repairing said properties because enhancement, not cost, is the controlling factor in dividing the estate. The ninth point is that the court erred in finding (number 3 second set of findings) that appellee was entitled to reimbursement for her share of community funds spent in repairing two of said properties.

Appellant says that when he answered ready, subject to such exceptions, the court announced it intended to carry the exceptions along but thereafter appellant objected to introduction of evidence as to the amount of community money spent to improve appellant's separate property and such objections were overruled. Appellant contends the court committed reversible error

in permitting introduction of such evidence. In an attempt to show injury he points out that the cost of improving Draughon's Business College, owned by appellant, was $22,000.00. That thereafter the rent was increased from $250.00 to $475.00 per month, and there was testimony that said building at the time of trial was worth $58,500.00. He says that Berry, after hearing Lyon testify that $22,000.00 of community funds were spent to improve said building, testified that its value was enhanced $22,000.00. It is difficult to see how appellant was injured thereby. We cannot know that Lyon testified to such enhancement as a result of hearing another witness testify. It is not shown that the witnesses were placed under the rule and that the rule was violated. But, it does show there was evidence of enhancement of the value of said property by the use of community funds and the amount of the enhancement.

Appellant next says appellee owned a ⅛th interest in the Lake House; that Lyon testified that $2,482.44 of community funds were spent on that house; that the court (in finding number 12) said that, taking into consideration the value of each item, the community claim for reimbursements for improvement of separate property, etc., the court adjusted the equities; that (in amended finding number 3) the court found appellee was entitled to reimbursement for her share of the community funds spent for improving appellant's separate property located at 1317 South 1st and the Lake House and that the amount was $14,540.31. He says this finding is contrary to law, in that, it is not a finding of enhancement but only of the amount spent by the community to improve the husband's separate property.

Appellee alleged the parties had accumulated a large community estate and that appellant owned a large separate estate, that, as shown by the inventory and appraisement and the audit on file, there was a considerable amount of community real estate, that a part of the assets of the community consisted of claims against appellant's separate estate for reimbursement for im-

provement or enhancement of appellant's separate property by the use of community funds. Appellee prayed that a receiver be appointed to sell the community estate, pay the community debts, and divide the proceeds. Appellant excepted to said pleading that a considerable amount of the community consisted of claims against appellant's separate estate for reimbursement because there were community benefits from revenues from the separate estate and that the community should bear its share of the cost of maintaining and repairing the separate property. He further excepted to allegation that appellant's separate estate was enhanced by the use of community funds because appellee did not point out how it was enhanced, nor the amount thereof. Appellant thereafter admitted in his pleading that community funds had been used to improve appellant's separate property but alleged they did not enhance its value "to such an extent that it could be ascertained." Appellant then objected to appointment of a receiver, alleged that most of the property could be easily divided and alleged that "all of the matters complained of by the Plaintiff as determining factors in ascertaining the exact amount, nature and extent of the community property is available now— through the Inventory and Appraisement as well as the audit—on file—."

Appellee says her case was based primarily on appellant's inventory and appraisement and the audit of appellant's books; that evidence relative to the cost of improvements at 1317 South 1st, 881 Pine Street and the Lake House was contained in the verified inventory and appraisement filed by appellant and the audit, introduced in evidence without objection, and, further, that appellant did not object to direct testimony that $22,000.00 of community funds was spent on appellant's property at 1317 South 1st or that it was thereby enhanced in value $22,000.00. Appellee says appellant's complaint about admission of testimony relative to improving the Morris building is not good; that it was offered, not on the theory of reimbursement, but to

show that a ½ interest therein belonged to the community and that when that ½ interest was traded for a ½ interest in the Fulwiler building that the Fulwiler building became community property, not appellant's separate property, as appellant asserted in his original inventory; that such theory was stated to the court at the time and the court found that the Fulwiler building was community property and that finding has not been attacked. Appellee says evidence of the cost of improving appellant's separate property was admissible, but, regardless thereof, appellant's argument under his first group of points is answered before questions presented therein are reached·because (1) appellant waived such complaint by failing to object to introduction of the audit containing evidence ٺo such effect, (2) the court is presumed to have disregarded any inadmissible testimony and (3) appellee offered ample evidence of enhancement by the use of community funds.

Mr. Berry, a qualified real estate appraiser, did testify that the improvements made on appellant's separate property at 1317 South 1st enhanced its value $22,000.00, the amount spent out of community funds. With reference to the Lake House, appellant admitted a ⅓ interest belonged to the community, although it was claimed as appellant's separate property in the original inventory. It was undisputed that the Lake House was destroyed by fire and rebuilt with insurance money which, to the extent of $2,282.45, was community funds; that Mr. Berry testified that the Lake House, exclusive of the land, was worth $22,400.00; that the Lake House, including the community ⅓ interest therein, was awarded to appellant and the court allowed appellee a charge of only $14,540.31 for enhancement in value of both the Lake House and the $22,000.00 enhancement in value of the appellant's property at 1317 South 1st. The court allowed community reimbursement only of $2,800.00 for improvement on the Pine Street building, which was claimed as the separate estate of appellant in the original inventory, but

which it, was thereafter admitted, was partly community. There is evidence that ½ thereof belonged to the community; that more than $15,000.00 was spent thereon pending trial of the divorce case; that a shop was added and it was enhanced in value $5,600.00. The court limited reimbursement of the community to $2,800.00.

With reference to said group of points, although appellant's contention that the amount of reimbursement is determined by enhancement is unquestionably correct, we think appellant has not demonstrated, as he is required to do to show reversible error, that he has been injured, or that the court abused its discretion. Said points are overruled.

■■ Reversible error is not shown by the failure of the court to respond to appellant's third request for findings, among other reasons, because it is not shown that same was timely presented and the requisite facts are not disclosed by a bill of exception. Appellant's second group of points is to the effect that despite appellant's verified inventory and the auditors' reports, the court had no evidence or, at least, insufficient evidence, upon which to base its division of the estate of the parties. As previously stated, appellant pleaded that all the matters complained of by appellee as determining factors in ascertaining the exact amount, nature and extent of the community estate "is available now—through the inventory and appraisement as well as the audit—on file—." Under said points we think appellant does not present a controlling question. Under established law the court had the statutory duty and authority to partition the community in such manner as it deemed just and right. The court had the right in dividing the estate of the parties to consider all the matters heretofore mentioned and was not required to divide the community estate equally between the parties. In dividing the estate the court is vested with a wide discretion and reversible error is not shown unless abuse of the court's discretion is shown. Under the circumstances, it is

not shown that in making the division the court abused its discretion. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Duncan v. Duncan, Tex.Civ.App., 374 S.W.2d 800; 20 Tex.Jur.2d 588; Barrington v. Barrington, Tex.Civ.App., 290 S.W.2d 297; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682; Farrell v. Farrell, Tex.Civ.App., 370 S.W.2d 241, writ refused, Tex., 374 S.W.2d 870.

All of appellant's points have been considered and they are overruled.. Reversible error is not shown. The judgment is affirmed.