Kirby EDWARDS et al., Appellants,

v.

Eddie PARKER, Appellee.

No. 17240.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1969.

Harry Crutcher, III, of Green, Gilmore, Chrisman & Rothpletz, Dallas, for appellants.

Erich F. Klein, Jr., of Lyne, Klein & French, Dallas, for appellee.

DIXON, Chief Justice.

Appellants Kirby Edwards and Curtis Sanford, Jr., brought suit against appellee Eddie Parker, seeking judgment for $16,800, which amount they allege is due them as a real estate commission.

Both appellants and appellee filed motions for summary judgment. Appellants' motion was overruled. That of appellee was sustained. Judgment was accordingly rendered that appellants take nothing by their suit.

Appellee Parker was the owner of approximately two acres of land at the northeast corner of Shadybrook Lane and Northwest Highway in the City of Dallas, Texas.

On December 16, 1964 appellee Parker executed a 90 day written exclusive listing agreement with Curtis Sanford, Sr., a real estate broker, the latter acting through his son, Curtis Sanford, Jr. This instrument authorized Sanford to obtain sales or negotiable leases for space in appellee's tract. The instrument also provided that if the property should be sold within 180 days after termination of the contract to anyone with whom appellee may have negotiated during the life of the contract appellee, upon written notice within 10 days following termination, would pay to appellants a commission in accordance with that recommended by the Dallas Real Estate Board as of the date of the agreement. Beneath appellee Parker's signature is this notation, "5% Com - " which is admittedly in appellee's handwriting.

Appellant Sanford did not obtain any sales or leases for appellee within the 90 day period of the listing agreement.

On March 17, 1965, two days after the expiration of the written listing, Sanford, Jr. addressed a letter to appellee Parker in which he said, "As you know, our exclusive listing agreement expired March 15. * * * I would like to be able to continue working on this commercial center, as I have made considerable progress. Please let me know of your thinking."

On March 19, 1965 appellee Parker replied as follows: "In answer to your letter of March 17th you may continue working on the shopping center for me, however, not on an exclusive basis."

Some time thereafter Sanford, Jr. and Kirby Edwards entered into an agreement to work together in obtaining purchasers or tenants for appellee. Edwards was at that time a real estate agent associated with the firm of Bolanz & W. C. (Dub) Miller, real estate brokers.

On April 15, 1966 appellee closed a deal with Texaco for part of the two acre tract. It was not disputed that appellants Sanford, Jr. and Edwards procured the Texaco contract. Appellee paid them a five per cent commission amounting to $6,000.

On April 28, 1966 appellants introduced appellee to Norman Brinker, and discussed the possibility of Brinker's leasing space from appellee for a "Steak 'N Ale Restaurant."

On July 8, 1966 appellee Parker and Brinker entered into a lease contract whereby Brinker agreed to pay appellee $1,400 as monthly rental for a period of twenty years. Nothing was said in their contract with reference to payment of a real estate commission.

Appellants claimed that they had procured the Brinker lease for appellee and they demanded payment of a commission. Parker refused payment, denying liability on several grounds. Conferences and negotiations between the parties, sometimes with appellants' attorney present, proved of no avail in reaching a settlement of their dispute.

On May 19, 1967 Parker wrote a letter* to Sanford and Edwards, enclosing a check of the same date for $500 payable to Edwards and Sanford. The check contained this recitation, "By endorsement this check when paid is accepted in full payment of the following account—Real Estate Fee (Nowest Hwy Prop)." Appellants with knowledge of the above recitation endorsed the check and cashed it.

This suit was filed October 4, 1967.

---

* Parker's letter was as follows:
   "Dear Curtis & Kirby:
   Sorry for taking so long to show you my appreciation for the Steak & Ale contact, but am sure that you have been aware of my financial involvement.

   Thanks again for your efforts in my behalf.
   Regards,
   Eddie Parker
   EP:jc
   enc. 500.00 ck"

## OPINION

In his first counterpoint appellee charges that the form of appellants' brief does not comply with Rule 418, Vernon's Texas Rules of Civil Procedure, and fails to point out any error requiring reversal. Appellee cites Manney & Co. v. Texas Reserve Life Ins. Co., 407 S.W.2d 345 (Tex.Civ. App., Dallas 1966, no writ) and Dallas Fountain & Fixture Co., Inc. v. Hill, 330 S.W.2d 648 (Tex.Civ.App., Dallas 1960, writ ref'd n. r. e.).

■ In some particulars appellants' brief does not measure up to the standards laid down by the rule. However briefing rules are to be liberally construed. Appellants' brief does enable us to ascertain the real basis of their appeal, so we overrule appellee's first counterpoint.

In their first point of error and argument thereunder appellants in substance assert that it was error to render judgment for appellee because the original listing agreement of December 16, 1964 and the extension thereof (the letters of March 17, 1965 and March 19, 1965) were in compliance with Art. 6573a, Vernon's Ann.Civ.St. As we shall later point out it would be necessary to affirm the trial court's judgment even if we were to agree with appellants' contention in their first point. Therefore we shall pretermit further discussion of the point.

In their second point of error appellants say that the extension agreement was for a reasonable length of time and that there is a fact issue as to whether a reasonable length of time was from March 19, 1965, the date of the extension agreement, through July 1966, when Brinker and Parker signed the lease agreement. We do not agree with appellants.

In a counterpoint appellee argues that the alleged extension is violative of Art. 6573a, but that regardless of that fact, the said extension agreement had expired according to its own terms prior to the execution of the lease for which appellants seek a commission. We agree with appellee that the agreement had expired.

■ The alleged extension agreement, consisting of the two letters heretofore referred to, does not expressly name any period of time which shall constitute the term of the agreement. However we think appellants' pleading and the letters themselves clearly show a definite period of time for the existence of the extension: 90 days from March 19, 1965.

In their amended petition appellants plead, "That said listing was to be exclusive for ninety (90) days from December 16, 1964 * * *. *That on March 19, 1965, defendant extended said listing agreement, modifying only its exclusive character.*" (Emphasis ours.)

Allegations similar to the above were made in appellants' motion for summary judgment and in affidavits in support of said motion.

In their brief appellants say, "Appellants seek to recover on the basis of the listing agreement *as extended.* * * * Appellee made one modification in the listing agreement, which was that Appellants would be operating on a non-exclusive basis." (Emphasis ours.)

Our Supreme Court has said, "The plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover on a right different from that asserted, * * *." Jennings v. Texas Farm Mortgage Co., 124 Tex. 593, 80 S.W.2d 931, 934 (Tex.Comm'n App. 1935, opinion adopted by Sup.Ct.). In this case appellants base their right to a commission on their assertion that the original written listing agreement was extended, "modifying only its exclusive character." This can mean only that the extension agreement was also for a 90 day period from March 19, 1965. In Sunac Petroleum Corp. v. Parkes, 416 S. W.2d 798, 802 (1967), our Supreme Court has said, "An extension, as used in this context, generally means the prolongation

or continuation of the term of the existing lease. Mutual Paper Co. v. Hoague-Sprague Corp., 297 Mass. 294, 8 N.E.2d 802 (1937)."

We hold that the alleged extension agreement of March 19, 1965 (even if we were to say it complies with Art. 6573a, V.A.C.S.) expired under its own terms 90 days after March 19, 1965. This of course was long prior to July 8, 1966 when Brinker and Parker entered into the lease agreement in controversy. Appellants' second point of error is overruled.

 In their third point appellants contend that they were the procuring cause of the lease of July 8, 1966 between Brinker and Parker. Appellee vigorously contests appellants' claim that they were the procuring cause. However the question is really immaterial. In the absence of a written listing contract complying with Art. 6573a, V.A.C.S. a real estate claim for commission is unenforceable even if the agent was the procuring cause of the sale or lease. Friedlander v. Christianson, 320 S.W.2d 404, 408 (Tex.Civ.App., Houston 1959, no writ); Wingo v. Farley, 318 S.W.2d 955, 959 (Tex.Civ.App., Amarillo 1958, no writ); Jackson v. Key, 223 S.W.2d 717 (Tex.Civ.App., Amarillo 1949, writ ref'd). We have held that the written lease agreement had expired prior to July 8, 1966. There was no written agreement in effect on said date. Appellants' third point is overruled.

In their fourth point appellants take the position that appellee's check to appellants dated May 19, 1967 in the amount of $500 and the subsequent endorsement and cashing of the check was not sufficient to establish an accord and satisfaction. We think that it was.

To repeat: appellee's check recited: "By endorsement this check when paid is accepted in full payment of the following account—Real Estate Fee (Nowest Hwy Prop)." It is undisputed that appellants endorsed and cashed the check. There are no pleadings or allegations of fraud. Unquestionably a bona fide dispute existed between the parties in regard to appellee's alleged liability for a real estate commission. Appellee denied that appellants were the procuring cause, or that they had a written listing agreement which was in effect at the time the lease with Brinker was consummated. The recitation in the check is unambiguous. Appellants knew of the recitation nevertheless cashed the check. By so doing they consummated an accord and satisfaction with appellee. Texas & Pacific Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591 (1938); Industrial Life Ins. Co. v. Finley, 382 S.W.2d 100 (Tex.Sup.1964); Groves v. Sawyer, 384 S.W.2d 193 (Tex. Civ.App., Eastland 1964, writ ref'd n. r. e.); Rycade Oil Corp. v. Lasater, 375 S.W.2d 556 (Tex.Civ.App., Austin 1964, no writ); Rough v. Southwestern Bell Tel. Co., 426 S.W.2d 579, 582 (Tex.Civ.App., Dallas 1968, writ ref'd). Appellants' fourth point is overruled.

The judgment of the trial court is affirmed.