**In the Matter of the MARRIAGE of Wilma Saunders GREER and Royce Steven Greer.**

No. 8249.

Court of Civil Appeals of Texas, Amarillo.

May 30, 1972.

Rehearing Denied July 31, 1972.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

Huffaker & Green, Gerald Huffaker, Tahoka, for appellee.

ELLIS, Chief Justice.

The wife-appellant in a divorce action has brought this appeal challenging that portion of the judgment dealing with the division of the community property of the marriage. Reversed and remanded.

The suit was filed by Wilma Saunders Greer against her husband, Royce Steven Greer, appellee herein, seeking divorce, custody and support of their minor child and division of the community property. The trial was to the court without a jury on July 19, 1971. Judgment was entered granting the divorce, awarding the custody of the child to the wife, ordering support and dividing the community property. The wife-appellant has predicated her appeal upon seven points of error directed at the court's action in regard to the division of the community property. The husband-appellee has responded with ten counterpoints.

The appellant and appellee were married on November 11, 1968. On October 9, 1968, preceding the marriage, the appellee's father was killed in an accident. At the time of his father's death the appellee was enlisted in the navy. As the sole heir of his deceased father, the appellee inherited certain separate property, including farm land and personal property consisting of farming equipment and substantial checking and savings accounts. On December 21, 1968, the appellee secured an early release from the military service, whereupon he proceeded to take over and operate the farm which he had inherited prior to the marriage. In addition, he leased other farm lands, and during the marriage there was certain income produced from his separate property along with other community income. There is no evidence that the appellant owned any separate property.

The evidence regarding the status of the property at the beginning of the marriage relationship, the property acquired during the marriage, as well as the property on hand upon dissolution of the marriage is, in most essential respects, undisputed. The appellee's separate real estate is not involved in this appeal. According to the accounting records of the appellee, at the time of the marriage, or shortly thereafter, the appellee had on hand cash or liquid assets, as his separate property, the net sum of $40,412.82. The assets claimed as appellee's separate property included checking and savings accounts deposited in certain named banks and various other items of separate personal property listed and identified as assets belonging to his separate estate. The total sum of all these assets was $55,261.59, from which there was deducted the federal estate taxes, state inheritance taxes and attorney's fees, aggregating the sum of $14,848.77, leaving the net sum of $40,412.82 claimed as the assets of his separate estate at or shortly after the date of the marriage. Appellee's accounting also includes a detailed statement of

the liquid assets on hand at the end of June, 1971, a short time before the dissolution of the marriage, aggregating the sum of $64,160.03. This total sum included the cash on hand, expenditures upon the 1971 crop which had been planted, the purchase of various assets, including a lot in Post, Texas, and farm equipment added. The $40,412.82, representing the total value of the assets claimed as appellee's separate property at the beginning of the marriage relationship, was then deducted from the $64,160.03, representing the aggregate value of the assets at the time of dissolution of the marriage, leaving the sum of $23,747.21 as the total value of the community assets acquired during the marriage. From this total sum of the value of community assets was deducted the calculated depreciation reserve in the sum of $7,349.-56 for the tax years 1969 and 1970, the estimated income tax liability for 1970 income carried over in the amount of $5,596.31 and certain attorney's fees owed in the sum of $400, leaving net community assets of $10,401.34 to be divided between the parties. Separate funds as well as community income were deposited in the same bank accounts, and the funds were used to acquire the properties and assets on hand at the time of the dissolution of the marriage.

The court filed its original findings of fact and conclusions of law, and, pursuant to due request, filed additional findings of fact. Among the findings of fact, the court found that the total value of the community property of the parties is the sum of $10,401.34, and that such amount is in accordance with the method of accounting used by the appellee, which method the court specifically found to be proper and correct. The evidence shows that appellee who prepared the accounting records was a graduate of the School of Business Administration of Texas Tech University with a major in accounting. The court further found that the appellant was entitled to receive, as her interest in the community estate, the sum of $5,000 in cash, a 1969 model Chevrolet Camaro automobile, which was appellee's separate property, and the appellee was awarded the remainder of the community property. Also, appellee was required to pay certain attorney's fees and assume all community indebtedness including the estimated income taxes on the 1970 carryover into 1971.

Additionally, the court found that in making the division of the community property it had fully considered all of the equities as between the parties and the fairness and justness incident to such division as to each of the parties.

The statutory provision governing the court's action in dividing the estate of the parties is Section 3.63 of the Family Code, V.T.C.A. (formerly art. 4638, Vernon's Annotated Texas Statutes) which provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

■ Section 5.02 of the Family Code (formerly part of Section 1, art. 4619, V. A.T.S.) provides:

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."

The unambiguous language of Section 5.02 creates a rebuttable presumption that all property possessed by a husband and wife when their marriage is dissolved is community property. Further, it is the general rule that in order to overcome this presumption, a spouse must trace and clearly identify the property claimed as separate property. Tarver v. Tarver, 394 S.W.2d 780 (Tex.Sup.1965); Kirtley v. Kirtley, 417 S.W.2d 847 (Tex.Civ.App.—Texarkana 1967, writ dism'd).

■ The appellant insists that appellee has not properly traced his separate property. The appellee contends that the ac-

counting made by the trial court is a standard and recognized accounting procedure. Under the accounting used by appellee the amount of community property to be divided was determined by a showing of the assets on hand at or shortly after the date of the marriage, all of which were separate property of appellee, and a showing of all assets on hand at a date shortly before the divorce, with the net amount of the increase in total assets during the period of the marriage representing the value of the community property to be divided. A similar method of accounting as between two estates was disapproved in *Tarver.* In that case the party charged with the burden of tracing contended that he had sufficiently traced the property because he had proved: (1) the amount, character and value of the prior estate; (2) that the husband used the entire estate in his business, selling the property and investing and mixing the proceeds as his own; (3) that he acquired no property or income from any other source; and (4) the amount, character and value of the property on hand at the time of the divorce. The Supreme Court held that the above described "before and after" purported tracing procedure did not discharge the burden of tracing and upheld the finding of the trial court that the party had failed to trace any fund, assets or income. Under the above holding, it is our opinion that the burden of tracing imposed upon the appellee was not met by the accounting procedure used.

The appellee has cited various cases (all decided prior to Tarver v. Tarver) which he insists support his contention regarding the accounting for the separate property, including Farrow v. Farrow, 238 S.W.2d 255 (Tex.Civ.App.—Austin 1951, no writ); Hartman v. Hartman, 253 S.W.2d 480 (Tex.Civ.App.—Austin 1952, no writ); and Barrington v. Barrington, 290 S.W.2d 297 (Tex.Civ.App.—Texarkana 1956, no writ). In *Farrow,* the result would be properly characterized as an allowable claim for *reimbursement* to a separate estate from the community estate rather than the tracing of separate funds into the items of property presumed to be community upon the dissolution of the marriage. In *Hartman,* the court made no attempt to trace the husband's separate funds, but, by reason of equitable considerations, allowed the husband reimbursement from the assets on hand at the time of the divorce. In *Barrington,* it was held that since there were no community profits left to be commingled, the community presumption was not applicable. Thus, cases involving a spouse's cause of action based upon a claim for reimbursement out of the community estate rather than upon an attempted tracing of the separate property, or where, under the facts, no commingling or community presumption existed, would not be authoritative or controlling in the disposition of this cause. In connection with the tracing requirement, see Stanley v. Stanley, 294 S.W.2d 132 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.), which required strict tracing contrary to the more liberal trend indicated in the above cited cases relied upon by appellee, and consistent with the later holding by the Supreme Court in Tarver v. Tarver.

In this case, the appellant insists that the trial court failed to apply the presumption that all property purchased after marriage was community. Also, appellant argues that the court failed to require the appellee to trace the property claimed as separate property, and consequently, the presumption is unrebutted that all property purchased after marriage is presumed as a matter of law to be community. Further, the appellant presents a chart listing in various categories the assets acquired after marriage of the total value of $40,006.07. In arriving at this total, appellant used, for the most part, the valuations shown in appellee's accounting and insists that this property of such value must be presumed to be community since under appellee's method of accounting no attempt was made to trace the purchase of any of the assets with separate property.

In appellant's first point of error, it is contended that the trial court abused its discretion in failing to award the appellant at least $20,000, such sum being approximately one-half of the total value of the property acquired after marriage from commingled funds, together with community reimbursements. Appellee joins issue with the appellant's first point by asserting that the trial court did not abuse its discretion in awarding the appellant $5,000 in cash together with the automobile, and that the trial court correctly held that the total value of the community property was $10,401.34, on the basis of the accounting method employed. In appellant's second and third points of error, the contention is made that there was no evidence or factually insufficient evidence to support the trial court's finding that appellant was entitled to only an award of $5,000 and the automobile, insisting that the total value of the community property was over $40,000. The appellee argues that the evidence is sufficient to support the court's award of $5,000 and the automobile. In the fourth and fifth points of error, the appellant asserts that there was no evidence or factually insufficient evidence to support the court's finding that the lot in Post, Texas, was worth $1,500 and claims that the undisputed evidence was that the fair market cost of the lot was $2,750, and that there had been no change in its value. In reply to points four and five, appellee insists that the evidence is sufficient to support the trial court's finding that the lot was worth only $1,500, and that the trial court did not commit reversible error in making such finding since the record shows that the lot was assigned the value of $2,750 in the appellee's accounting. In points six and seven the appellant claims that the trial court erred in finding that appellee spent only $949 to improve his separate property when undisputed admissions from the appellee show a total expenditure of $1,749, and any other finding is supported by no evidence or factually insufficient evidence. Appellee contends that the evidence is sufficient to support the court's

finding that $949 was used to improve appellee's separate property, that such finding is not reversible since all sums used for such improvements were included in the appellee's overall accounting, and further that there is no evidence or insufficient evidence to show that any sum so used for improvement of appellee's separate property resulted in any enhancement in the value of such separate property. Additionally, appellee asserts that there is no reversible error in the judgment of the trial court since the court made the finding that the division of the property, as set out in the judgment, was fair, just and equitable and that appellant has not attacked such finding by any point of error submitted in appellant's brief submitted in this appeal.

■ All of the points and counterpoints are, in effect, directly, or in an ancillary manner, related to the fundamental question of the court's abuse of discretion in the division of the community property. In this particular situation a basic matter for determination is whether the court's finding that the value of the community property is $10,401.34 can be justified. In view of our holding that the accounting used by appellee was of the same general type as that rejected in Tarver v. Tarver because it did not meet the burden of tracing, the presumption prevails, albeit rebuttable, that all of the assets on hand at the time of dissolution of the marriage is community property. Thus, under the accounting submitted by appellee, absent tracing, the presumption prevails that the total sum of the community assets was $64,160.03, less the depreciation reserve of $7,349.56, the estimated income tax obligation of $5,596.31, and the unpaid attorney's fee in the sum of $400, leaving a net community estate of $50,814.16. It is here recognized that this sum includes all of the commingled assets, separate and community, which, absent tracing, are presumed to be community until such presumption is rebutted by competent evidence.

Although the appellee's accounting evidence discloses the dates of a portion of the expenditures for certain items, but not all, other than the item "money deposited in 1971" listed on the summary sheet of the accounting, no dates are shown as to the receipts of income from separate property which would serve to establish when the alleged commingling of his separate funds and income from separate property began. We note further that the appellee testified that the 1971 government crop payment checks would total approximately $21,000; however, we find no indication in the accounting or elsewhere in the record that any part of such crop payments had been received, or included in the receipts or valuation of the "Liquid Assets on hand." Also, the "Crop Expense on 1971 Crop" in the sum of $15,426.59 was shown in the accounting as an item "to be added in" the "Liquid Assets on hand" as of the end of June, 1971. Additionally, such item was shown as one of the items of "known expenditures" in the summary portion of the appellee's accounting.

It is indicated in the record that the valuation of the property was considered on a liquidation basis as of the date of the trial (July 19, 1971). One of the items of indebtedness shown in the record was the estimated income tax liability, as of the date of trial, on 1970 carryover in the sum of $5,596.31. This amount was deducted from the assets to be considered. The accounting does not include any specific value assigned to the 1971 growing crop and the anticipated government crop payments in the amount of $21,000, while the estimated income taxes on 1970 carryover was deducted from the total assets and thereby reduced the net community assets to such extent. An examination of the record discloses that the only evidence regarding the 1971 growing crop was appellee's testimony to the effect that the crop was poor and that he would be happy to "be bailed out" for the $15,000 expenses accounted for as an expenditure. We do not regard such testimony as more than a conjecture and therefore should not be considered as evidence of probative force regarding the value of the 1971 growing crop.

In this case, we deem it appropriate to test the judgment appealed from on the basis of evidentiary support for the court's findings as to the value of the community property to be divided. In this connection, the court expressly found that "the approximate value of the 1971 government crop payments is the sum of $21,000." Also, the court made the following finding:

"In arriving at the award to the petitioner for her interest in the community property of the parties, the court took into consideration the 1971 crops which had just been planted, the expense and work incident to such crops, their then condition, the work and expense incident to the cultivation and harvesting thereof and the probable yield thereof together with the testimony concerning the government crop payment but did not deem it necessary to determine what particular percentage or proportion thereof the petitioner would be entitled to receive in arriving at the court's finding as to the property to be awarded to her."

In connection with the above finding, the record discloses no evidence as to the probable yield of the 1971 crop or as to the amount of expenses "incident to the cultivation and harvesting thereof" other than the "crop expenses" incurred prior to the end of June, 1971. Thus, it is apparent that there is an absence of evidence of probative force to support the finding with respect to the significant matters of probable yield, value of community interest in 1971 government payments, harvesting expenses and the work involved, all of which bear upon the ultimate conclusion reached by the court regarding the 1971 crop. Although it is stated in appellant's brief that she is making no claim for any interest in the growing crops, the trial court, however, made the specific finding that it did take

the 1971 crop into consideration in making its division of the community property. Thus, we cannot disregard the court's express finding in our review of the judgment appealed from and the basis therefor.

In the absence of evidentiary support for the court's finding regarding its consideration of the 1971 crop and government crop payments in connection with the division of the community property, it is obvious that the finding regarding the valuation of the total community property would be affected thereby. Also, it is apparent that the omission of the value of the growing crop and government crop payments as of the date of trial from the total assets acquired after marriage, when the court considered same in connection with its finding as to the value of the community property to be divided, is not justified.

As to appellant's point of error regarding the value of the lot in Post, Texas, since it has been shown that appellee included in his accounting the sum of $2,750, representing the original cost of the lot, we deem it immaterial that the court found the value of the lot to be $1,500. Appellant's points of error four and five are overruled.

Also, we overrule appellant's points of error six and seven complaining of the court's finding that the sum of $949 was spent to improve appellee's separate property, for the reason that there is a lack of evidence in the record as to any enhancement of the value of the appellee's separate property. The measure of recovery where community expenditures have been made on separate property is not the amount expended but the amount that such expenditures have enhanced the value of the separate property. Burton v. Bell, 380 S.W.2d 561 (Tex.Sup.1964); Manning v. Benham, 359 S.W.2d 927 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.); Fulwiler v. Fulwiler, 419 S.W.2d 251 (Tex.Civ. App.—Eastland 1965, no writ). Also, the burden as to proof of enhancement is upon

the appellant. Edsall v. Edsall, 240 S.W.2d 424 (Tex.Civ.App.—Eastland 1951, no writ).

In appellee's counterpoint ten he insists that the judgment should stand since the court found that the division of the property was fair and equitable and appellant has not attacked such finding by a point of error contending such division is unjust and unfair. The appellant's point of error regarding the court's alleged abuse of discretion in dividing the property has been fully briefed. Abuse of discretion in the division of property encompasses, by its very nature, those essential matters relating to fair and equitable settlement between the parties. Eaton v. Eaton, 226 S.W.2d 644 (Tex.Civ.App.—Galveston 1950, no writ); Allen v. Allen, 363 S.W.2d 312 (Tex.Civ.App.—Houston 1962, no writ); Guerra v. Guerra, 362 S.W.2d 421 (Tex.Civ.App.—Austin 1962, no writ). In the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23 (1923), the Supreme Court of Texas expressed the applicable rule in the following language:

". . . (T)he court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an *abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair*." (emphasis added)

Thus, it appears that abuse of discretion is equated with unjust and unfair disposition of the property. Our courts have recognized that briefing rules are to be liberally construed in an effort to ascertain the real basis of the appeal. Manney & Co. v. Texas Reserve Life Ins. Co., 407 S.W.2d 345 (Tex.Civ.App.—Dallas 1965, no writ); Edwards v. Parker, 438 S.W.2d 141 (Tex. Civ.App.—Dallas 1969, no writ); Rules 418, 422, Texas Rules of Civil Procedure. We overrule appellee's counterpoint ten.

In view of our holding that the evidence does not sustain the trial court's finding as to the value of the community property, which is a basic determination upon which to predicate the court's division of such community property, the appellant's third point is sustained to the extent that the evidence is factually insufficient to support the court's finding with regard to the amount of property which should be awarded to the appellant. Since it appears that the development of additional facts as to such valuation would be in the interest of justice, including the possibility of further tracing which might conceivably rebut the community presumption as to some portions of the property and to such extent prevent forfeiture of the separate estate, we do not pass upon the question of abuse of discretion raised in appellant's first point. Also, since, for the most part, appellant based her claim on appellee's accounting and values, in view of our holding that further evidence should be developed with respect to the value of the community estate, it is not necessary that we specifically pass upon appellant's second point. We have determined that, under the present status of the evidence as to the basic matter of the value of the community estate to be divided, it would not be proper that we reform the trial court's judgment or render judgment in this cause, and that the rights of the parties should not be foreclosed under the present state of the record. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

## ON MOTIONS FOR REHEARING

Both the appellee and appellant have submitted their respective motions for rehearing in this cause.

In appellee's motion, among other matters, the request was made that this court's opinion be clarified as to whether the judgment of the trial court was reversed and remanded in its entirety or only as to the portion of the judgment dealing with the division of the community property of the marriage. Since the appeal challenged only that portion of the judgment relating to the division of the community property, it was not our intention to reverse any portion of the judgment pertaining to the divorce, child custody and support. Since neither party has assigned error with respect to the trial court's judgment relating to matters other than the division of community property and to clarify the effect of our original opinion, we hereby amend such opinion to the extent that we affirm the trial court's judgment concerning the granting of the divorce, awarding the custody and providing for the support of the minor child; however, the judgment is reversed and the cause is remanded for further proceedings solely upon the matter of the division of the community property. Blair v. Blair, 105 S.W. 2d 331, 332 (Tex.Civ.App.—Waco 1937, no writ); Jackson v. Jackson, 251 S.W. 520, 521 (Tex.Civ.App.—Galveston 1923, no writ).

We have considered appellee's other grounds set out in his motion for rehearing, and for the reasons set out in our original opinion, we overrule such motion except to the extent above stated.

Also we have reviewed the various points set out in appellant's motion for rehearing. After due consideration of the motion, we have determined that for the reasons stated in our original opinion, the same should be and is hereby overruled.