**Joseph L. CARMICHAEL, Appellant,**

v.

**Maymie D. CARMICHAEL, Administratrix, Appellee.**

**No. 4734.**

Court of Civil Appeals of Texas.

Waco.

Sept. 25, 1968.

Rehearing Denied Oct. 10, 1968.

See also Tex.Civ.App., 432 S.W.2d 126.

C. O. McMillan, Stephenville, for appellant.

Nathaniel J. Harben, Fort Worth, Elvin E. Tackett, Euless, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment ordering removal of appellant Joseph L. Carmichael as Administrator of the Estate of C. A. Carmichael, deceased.

C. A. Carmichael died intestate May 1, 1964, leaving an estate consisting of 804 acres of land in Somervell County, personal property, cash, and some $30,000 in debts. His heirs were his wife, 4 brothers, 2 sisters, and the daughter of a deceased brother. On June 15, 1964 his brother Joseph L. Carmichael, appellant, was appointed by the County Court of Somervell County as Administrator of the deceased's estate. Thereafter upon application of Maymie D. Carmichael, appellee, widow of the deceased, the County Court removed Joseph L. Carmichael as Administrator, and appointed Maymie D. Carmichael Administratrix. Joseph Carmichael appealed to the District Court which after hearing, on April 4, 1968, entered judgment removing Joseph Carmichael as Administrator, and appointed Maymie D. Carmichael as Administratrix.

The trial court found in its judgment:

1) That the administrator secreted himself to avoid service of process.

2) That the administrator mismanaged the estate and had not caused it to produce income from approximately 700 acres of pasture land.

3) That the last annual account of the administrator was due July 23, 1967, and had not been filed.

4) That appellant was appointed administrator more than 3½ years previously, had been in full possession of the property during such time, but had made no sincere effort to close the administration and file his final account.

5) That the estate was indebted to the Ridglea State Bank for some $32,000. plus interest of some $1600.; that such was secured by lien on 800 acres of the estate's land; and that the bank has filed a proceeding to foreclose its lien on the land.

6) That appellant mismanaged the estate in permitting the accumulation of interest on the estate at the rate of $5. per day, and made no effort to sell or dispose of the land or discharge the note.

7) That appellant wilfully neglected, failed and refused to file Inheritance Tax Return with the State Comptroller, thereby subjecting the estate to penalties and interest.

8) That appellant wilfully refused and neglected to file a true inventory of the property of the estate and failed to include an undivided interest in 100 acres of land in Hood County, and an undivided interest in a residence in Granbury.

Appellant appeals on 8 points, contending the findings upon which the judgment removing appellant as Administrator is based, are not supported by sufficient evidence.

■ The record reflects the Administrator was a resident of Granbury for a great number of years, and owns a Title and Abstract business across the street from the County Courthouse, and until July 21, 1967 was to be found in Granbury at any time. When removal proceedings were filed against him, and process turned over to the Sheriff, the Sheriff made constant effort to serve appellant from July 21 to September 27, 1967, but was unable to find him.

Appellant's wife said she did not know where he was; and mail addressed to appellant by the District Clerk of Somervell County was returned by the Post Office marked "unclaimed." Appellant testified he was in the "cedar brakes" during the period the Sheriff was trying to serve him. We think the evidence sufficient to authorize the court to find the Administrator secreted himself to avoid service.

■ The principal asset of the estate was 804 acres of land. It is undisputed that only about 185 acres of land were rented, and that the more than 600 acres of pasture were not rented or utilized. There is evidence that the pasture had a rental value of $1,000 per year. We think the finding that appellant mismanaged the estate in failing to cause it to produce income is supported by ample evidence.

Appellant did not dispose of the land in the 3½ years he was administrator and in possession of the property. The record reflects that appellant showed the property to a few prospective purchasers, but was not willing to sell the place unless the purchaser would make some side arrangement with appellant.

It is undisputed and appellant admitted that he did not include in the inventory, deceased's undivided interest in 100 acres of land in Hood County, and. deceased's undivided interest in a house in Granbury.

Section 222 of the Probate Code, V.A. T.S. provides for the removal of an administrator if he eludes service, mismanages the estate, fails to return any account required by law, or fails to make a final settlement within 3 years, unless the time be extended by the court upon showing of sufficient cause supported by oath. There is no extension of time in this case.

We think the trial court's findings supported by ample evidence; appellant's points are overruled; and the judgment is affirmed.

Affirmed.