**Dianna K. Perry WETSEL, Appellant,**

v.

**ESTATE OF Milton E. PERRY,
Deceased, Appellee.**

No. 10–92–037–CV.

Court of Appeals of Texas,
Waco.

Nov. 18, 1992.

David C. Jones, Leonard & Jones, Fort Worth, for appellant.

Kathryn J. Gilliam, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

THOMAS, Chief Justice.

Dianna Wetsel appeals from an order removing her as the Independent Executrix of Milton Perry's estate. She has three points of error. In her first point, she asserts that the court lacked jurisdiction to remove her as the Independent Executrix because she was not personally served with notice of the removal hearing. She further contends in her second and third points that there was no evidence or, in the alternative, insufficient evidence to support the court's finding of gross mismanagement of the estate or to justify her removal. We reverse.

Dianna Wetsel was appointed the Independent Executrix of Milton Perry's estate. Nelma Perry, Milton's widow, who was not a beneficiary of his will, filed suit to remove Dianna as the personal representative. After a hearing, at which Dianna was not present, the judge removed her.

Section 149C of the Probate Code applies to the removal of an independent executor. Tex.Prob.Code Ann. § 149C (Vernon Supp. 1992). This section provides:

> The county court, a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county, on its own motion or on motion of any interested person, *after the independent executor has been cited by personal service* to answer at a time and place fixed in the notice, may remove an independent executor....

*Id.* § 149C(a) (emphasis added). Section 222 also applies to the removal of a personal representative. This section states:

> The court may remove a personal representative on its own motion, or on the complaint of any interested person, *after the personal representative has been cited*

*by personal service* to answer at a time and place fixed in the notice. . . .

*Id.* § 222(b) (emphasis added).

In her first point of error, Dianna contends that the court did not have *jurisdiction* to remove her because she was not personally served with notice of the hearing at which she was removed. However, in her argument, she cites *Cunningham v. Parkdale Bank,* which holds that if a representative is not personally served with notice of a removal hearing his *due process* rights have been violated. *See Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). Procedural due process requires notice that is reasonably determined to inform parties of proceedings which may directly and adversely affect their legally protected interests. *Id.* The briefing rules are construed liberally in an effort to ascertain the real basis of the appeal. *In re Marriage of Greer,* 483 S.W.2d 490, 497 (Tex.Civ.App.—Amarillo 1972, writ dism'd). Thus, because Dianna's argument under the first point is consistent with a due-process complaint, we will treat this point in that light.

The estate admits that only Diana's attorney, and not Dianna, was served with notice of the removal hearing. In its argument, the estate cites section 34 of the Probate Code, which reads:

If any attorney shall have entered his appearance of record for any party in any proceeding in probate, all citations and notices required to be served on the party in such proceeding shall be served on the attorney, and such service shall be in lieu of service upon the party for whom the attorney appears.

*See* Tex.Prob.Code Ann. § 34 (Vernon 1980). It also relies on section 33 of the Probate Code, which says:

*Except in instances in which this Code expressly provides another method of service,* any notice or citation required to be served upon any personal representative or receiver shall be served by the clerk issuing such citation or notice. The clerk shall serve the same by sending the original thereof by registered or certified mail to the attorney of record for the personal representative or receiver, but if there is no attorney of record, to the personal representative or receiver.

*Id.* § 33(e) (Vernon 1980) (emphasis added). The estate argues that under these two sections service was proper on Dianna's attorney.

Sections 149C(a) and 222(b) specifically concern cases when a personal representative is guilty of misapplication of estate property. *Id.* §§ 149C(a), 222(b) (Vernon Supp.1992). These sections expressly require that the representative be personally served with notice before an action may be taken against him. *Id.; Cunningham,* 660 S.W.2d at 813.

■ When a general statute, standing alone, includes the same matter as a specific statute, and thus is in conflict with the specific statute, the specific statute will be considered an exception to the general statute. *Hallum v. Texas Liquor Control Board,* 166 S.W.2d 175, 177 (Tex.Civ. App.—Dallas 1942, writ ref'd). Therefore, because sections 149C and 222 specifically apply to a hearing for the removal of a personal representative, these statutes are controlling. By expressly requiring personal service on the representative, sections 149C and 222 conflict with the general provisions of sections 33 and 34. Thus, the former control the latter. In any event, section 33(e) recognizes that its provisions are inapplicable when the Code "expressly provides another method of service." Tex.Prob.Code Ann. § 33(e). Sections 149C and 222 expressly require a method of service other than on the representative's attorney. *Id.* §§ 149C(a), 222(b).

■ Under this record, we conclude that Dianna did not have fair notice of the proposed action of the court so as to give her the opportunity to be present and to explain or defend her actions at the hearing before judgment was rendered against her. Removing her without personal service of the notice of removal violated her due-process rights. *See Cunningham,* 660 S.W.2d at 813. We sustain the first point.

We do not reach the second and third points of error. We reverse and remand for further proceedings.