**In the ESTATE OF Carl J. HOELZER.**

**No. 09–09–00003–CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 1, 2010.

Decided April 29, 2010.

Roxie Huffman Lormand, Orange, for appellant.

Bruce Gregory, Gregory Law Firm, Port Neches, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Richard David Hoelzer challenges an order removing him as independent executor of the estate of Carl Hoelzer. Under the circumstances, the trial court did not abuse its discretion in proceeding with the removal hearing, and the record includes sufficient grounds to support the removal. We affirm the order.

### THE ASBESTOS CLAIMS

Carl Hoelzer died in 1987. Carl's will named Lillian Hoelzer—Carl's wife and Richard's stepmother—as the independent executor and sole beneficiary of Carl's estate. The last paragraph of the will, above Carl's signature, commands that "no other action shall be had in the County Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims."

Twenty-three years ago, the year of Carl's death, Lillian, individually and as independent executor of Carl's estate, filed an asbestos lawsuit in federal court in Beaumont. She settled with various defendants. Carl's children intervened in the lawsuit as wrongful death beneficiaries. Two claims against defendants in bankruptcy remain pending and are listed as property of Carl's estate.

Eighteen years ago, Carl's children filed a petition in probate court to remove Lillian as independent executor of Carl's estate. *Trujillo v. Gaspard*, No. 09–92–256 CV, 1993 WL 490252, at *1 (Tex.App.-Beaumont Nov. 24, 1993, writ denied). The petition alleged Lillian breached her fiduciary duty and embezzled estate proceeds. *Id.* The trial court denied the petition. *Id.* Finding the appellants lacked standing, this Court dismissed their appeal. *Id.* at *6 ("Appellants are not interested parties to decedent's estate, thus have no standing to bring their action for removal of appellee.").

Carl's children then filed suit against Lillian in Orange County District Court. *Hoelzer v. Gaspard*, No. 09–95–064 CV, 1996 WL 274369 (Tex.App.-Beaumont May 23, 1996, writ denied). They alleged Lillian breached her fiduciary duty by self-dealing, misapplying funds, embezzling funds, and committing gross misconduct. *Id.* at *1. The district court granted summary judgment in favor of Lillian based on the defense of limitations, and this Court affirmed the judgment fourteen years ago. *Id.* at *2.

Lillian died in 2007. In 2008, Richard was named the successor independent executor, as Carl's will provided. Shortly thereafter, Richard filed a verified claim against the estate in the amount of $150,000 on behalf of himself and his three siblings. The sworn claim requested reimbursement for funds Lillian received as a result of the 1987 asbestos litigation but "never distributed" to Carl's children. Richard "allowed and approved" as a result of the claim as independent executor.

### THE MOTION TO REMOVE

Clyde Hebert, Lillian's son and appellee here, then filed a motion to remove and

disqualify Richard as independent executor of Carl's estate. The motion asserted that Richard filed the verified claim against the estate for his personal benefit. The motion stated that Richard's allowance and approval of the claim "constitute sufficient grounds to support the belief that once the expected asbestos bankruptcy settlements are paid to the estate, [Richard] will simply pay the claimants of the [verified claim] the full amount of the asbestos settlement." The motion argues this payment would be a misapplication of estate property because the courts have already determined that the claimants are not creditors of the estate and the claim is time-barred. According to the motion, Richard's interests are adverse to the estate and his actions constitute "gross misconduct and mismanagement[.]" The motion also asserted that Richard was "about to misapply estate assets," and had failed to timely file an inventory. After a hearing, the court concluded Richard was unsuitable to serve as successor executor and removed him as independent executor of Carl's estate.

### APPELLANT'S ISSUES

Richard raises three issues on appeal. In his first issue, he argues the trial court committed reversible error and denied him due process because he had not received forty-five days' notice of the hearing. Second, he maintains the trial court committed reversible error and denied him due process by overruling his verified motion for continuance. In his third issue, he asserts there was no evidence, or alternatively insufficient evidence, to warrant removal under section 149C of the Texas Probate Code.

### RULE 245

█ Although Richard's verified motion for continuance did not reference Rule 245,

he objected on that basis at the removal hearing. Texas Rule of Civil Procedure 245 provides that a court must give at least forty-five days' notice of the first trial setting in a contested case, and any resetting of the case must be on a later date with reasonable notice to the parties. TEX.R. CIV. P. 245. We will assume that this was the first trial setting in addressing the argument that he was entitled to forty-five days' notice.

█ The Texas Rules of Civil Procedure apply in probate matters unless the rules conflict with specific provisions in the Probate Code. *See* TEX.R. CIV. P. 2; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex.1983). Section 33 of the Probate Code addresses citation, notices, and writs in probate matters. TEX. PROB. CODE ANN. § 33 (Vernon 2003). The section provides in part that "No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice[.]" *Id.* § 33(a). Section 149C, the section of the Code that authorizes removal of an independent executor, expressly provides that the court may remove an independent executor for certain reasons "after the independent executor has been cited by personal service to answer at a time and place fixed in the notice[.]" TEX. PROB.CODE ANN. § 149C(a) (Vernon Supp. 2009).[1] This provision gives the court some flexibility in providing notice of the time and place for answer. Because the Probate Code has a specific provision for notice of a removal hearing that does not require forty-five days' notice to the independent executor, we conclude Rule 245 does not apply to the removal proceeding. *See* TEX.R. CIV. P. 2; *Cunningham*, 660 S.W.2d at 812; *cf.* TEX. PROB.CODE ANN.

---

1. This language has not materially changed    since Carl's death.

§ 78 (Vernon 2003) (containing no specific provision for notice of disqualification hearing); *In re Estate of Crenshaw,* 982 S.W.2d 568, 571 (Tex.App.-Amarillo 1998, no pet.) (applying Rule 245 to hearing on disqualification of independent executor under section 78 of the Texas Probate Code). Issue one is overruled.

### DISCOVERY

■ In issue two, Richard argues he was denied due process because the trial court denied his verified motion for continuance. Due process generally refers to adequate notice and an opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Perry v. Del Rio,* 67 S.W.3d 85, 92 (Tex. 2001). Specifically, Richard claims he was denied discovery. A request to produce "forwarded" to Hebert ten days before the hearing had not been answered by the date of the hearing, and that was the basis for the motion for continuance. The specific issue presented on appeal is the one raised in the motion for continuance: the discovery issue. The question relates to the issue of adequate notice, because generally a party must exercise due diligence in conducting desired discovery. We first consider when service of the motion occurred.

Section 149C provides in part that the independent executor may be removed "after the independent executor has been cited by personal service to answer[.]" TEX. PROB.CODE ANN. § 149C(a). At the removal hearing, Richard's counsel argued her client "still has not been served," but she "went ahead and filed an answer on his behalf, basically accepting service, so that [she] could file the motion to continue the case[.]" By appearing and filing an answer, counsel accepted service of the removal motion and the order to show cause, as she stated to the probate court.

Hebert had unsuccessfully attempted to serve Richard with the motion to remove at a Nederland address provided by Richard in his prior filings with the court. An affidavit from a deputy constable stated that Richard's sister told the deputy who attempted to serve Richard at the Nederland address that she lived at the residence and that Richard lived in Florida. The deputy constable conducted a computer search and found a Florida address for Richard.

At the removal hearing, Richard's counsel informed the court that Richard owns a house in Florida but resides in Texas. According to counsel, Richard evacuated from Texas as a result of Hurricane Ike. Richard had not returned to Texas. More than a month after Hebert filed the motion to remove Richard as independent executor of Carl's estate, and on the date of the hearing, Richard filed an answer, a designation of a registered agent, and a motion for continuance.

To be qualified to serve as an independent executor, a non-resident of Texas must appoint a registered agent for service of process. *See* TEX. PROB.CODE § 78(c) (Vernon 2003). Richard had not designated a registered agent at the time Hebert attempted service of the motion.

Section 33 of the Probate Code provides in part:

> Where it is provided that *personal service* shall be had with respect to a citation or notice, any such *citation* or notice *must* be served upon the attorney of record for the person to be cited. *Notwithstanding the requirement of personal service, service may be made upon such attorney* by any of the methods hereinafter specified for service upon an attorney.

Tex. Prob.Code Ann. § 33(f)(1) (Vernon 2003) (emphasis added). Section 34, entitled "Service on Attorney," provides:

> If any attorney shall have entered his appearance of record for any party in any proceeding in probate, *all citations and notices required to be served on the party in such proceeding shall be served on the attorney,* and such service *shall be in lieu of service upon the party* for whom the attorney appears. All notices served on attorneys in accordance with this section may be served by registered or certified mail or by delivery to the attorney in person. They may be served by a party to the proceeding or his attorney of record, or by the proper sheriff or constable, or by any other person competent to testify. A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service shall be prima facie evidence of the fact of service.

*Id.* § 34 (Vernon 2003) (emphasis added).

■ Richard does not contest the certificate of service dated September 4, 2008, by Hebert's attorney of record establishing service of the motion on Richard's attorney of record. We conclude appellant was served with the motion by "personal service" as that term is used in sections 149C and 33(f)(1) by timely service on his attorney of record. *See* Tex. Prob.Code Ann. §§ 33(f)(1), 34, 149C; *see also Cunningham,* 660 S.W.2d at 813. *But see Wetsel v. Estate of Perry,* 842 S.W.2d 374, 375 (Tex. App.-Waco 1992, no writ) (citing section 33(e), but not 33(f)(1), and holding that service on executor's attorney is not "personal service" for purposes of section 149C).

The motion for continuance does not state when Richard or Richard's attorney of record learned of the hearing date. Apparently this was not the first proceeding—in this and in other courts—related to the asbestos settlements. The documents may also relate to new litigation Richard filed in Orange County district court against Hebert, because the motion to continue or abate referenced that litigation. The motion does not adequately explain why Richard did not obtain the documents in any other proceeding, or at any time before Richard approved his own claim, nor does the motion explain why the document request was not brought to the attention of the court before the hearing date.

■ A motion for continuance may not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex.R. Civ. P. 251. When reviewing a trial court's denial of a motion for continuance, an appellate court considers whether the trial court committed a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex.2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

Richard's counsel attached an affidavit to the motion for continuance stating that the documents sought in the request for production were vital and material to defending against the motion to remove or disqualify, that the motion for continuance was not for purpose of delay, and that the requested documents could not be obtained from any other source. The items requested included documents related to the settlements and written communications from the law firm that handled the settlements. The affidavit and motion set forth a conclusion about the diligence exercised to obtain the discovery, but provided few specific facts.

■■ On this record, it is not clear that the discovery request addressed only matters "not privileged" and "relevant to the subject matter" of the hearing. *See* Tex.R. Civ. P. 192.3 (scope of permissible discovery). Nevertheless, assuming the document request may have related to non-privileged matters relevant to the issue of the removal hearing, the court could have reasonably concluded that Richard had adequate notice of the removal motion through his counsel, and that Richard did not promptly bring the discovery issue to the court's attention before the date of the removal hearing. When a motion for continuance claiming a need for discovery is filed on the day of a removal hearing, and sufficient explanation for the delay in presentation of the issue is not provided, the trial court may reasonably consider the motion as presented too late. *See generally BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 800–01 (Tex.2002) (denial of motion for continuance based on asserted need for discovery). Under the circumstances, appellant has not established that the court clearly abused its discretion in denying the motion for continuance requesting time for discovery and presented on the day of the removal hearing. Issue two is overruled.

## "Sufficient Grounds Appear to Support Belief"

In his third issue, Richard asserts no evidence, or alternatively insufficient evidence, supports his removal under section 149C of the Texas Probate Code. Richard complains that it was not improper for him to try to correct a mistake Lillian committed as the former independent executor of Carl's estate. According to Richard, since a final accounting has not been filed, the statute of limitations has not run on his claim.

■ An appellate court reviews a trial court's order removing an independent executor for an abuse of discretion. *See Lee v. Lee,* 47 S.W.3d 767, 789 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *Spies v. Milner,* 928 S.W.2d 317, 319 (Tex.App.-Fort Worth 1996, no writ). An appellate court will not overturn the trial court's decision merely because the appellate court might have reached the opposite conclusion, but will do so when the trial court's decision is arbitrary, unreasonable, and without reference to any guiding rules and principles. *Lee,* 47 S.W.3d at 786 (citing *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997)).

Richard contends the trial court erred by applying section 78, instead of section 149C, in removing him as independent executor of Carl's estate. Section 78 of the Texas Probate Code provides that a person is unqualified to serve as an executor or administrator if that person is:

(a) An incapacitated person;

(b) A convicted felon, under the laws either of the United States or of any state or territory of the United States, or of the District of Columbia, unless such person has been duly pardoned, or his civil rights restored, in accordance with law;

(c) A non-resident (natural person or corporation) of this State who has not appointed a resident agent to accept service of process in all actions or proceedings with respect to the estate, and caused such appointment to be filed with the court;

(d) A corporation not authorized to act as a fiduciary in this State; or

(e) A person whom the court finds unsuitable.

Tex. Prob.Code Ann. § 78 (Vernon 2003). *See also Olguin v. Jungman,* 931 S.W.2d 607, 610 (Tex.App.-San Antonio 1996, no writ); *see also Boyles v. Gresham,* 158

Tex. 158, 309 S.W.2d 50, 53–54 (1958) ("Neither the Model Code nor the Texas Probate Code purports to define 'unsuitable,' and we shall not attempt here to define it.").

Section 149C(a) states the court may remove an independent executor when:

(1) the independent executor fails to return within ninety days after qualification, unless such time is extended by order of the court, an inventory of the property of the estate and list of claims that have come to the independent executor's knowledge;

(2) sufficient grounds appear to support belief that the independent executor has misapplied or embezzled, or that the independent executor is about to misapply or embezzle, all or any part of the property committed to the independent executor's care;

(3) the independent executor fails to make an accounting which is required by law to be made;

(4) the independent executor fails to timely file the affidavit or certificate required by Section 128A of this code;

(5) the independent executor is proved to have been guilty of gross misconduct or gross mismanagement in the performance of the independent executor's duties; or

(6) the independent executor becomes an incapacitated person, or is sentenced to the penitentiary, or from any other cause becomes legally incapacitated from properly performing the independent executor's fiduciary duties.

TEX. PROB.CODE ANN. § 149C(a).

Richard cites *Kappus v. Kappus,* 284 S.W.3d 831, 835 (Tex.2009), in support of his argument that only the grounds set out in section 149C can support removal of an independent executor. In *Kappus,* the Supreme Court stated that "the grounds to *remove* an independent executor *post*-appointment are different from those to *disqualify* an executor *pre*-appointment." 284 S.W.3d at 835. The Court noted that "section 149C lists six specific grounds for removal, none quite as expansive as unsuitability." *Id.*

Hebert maintains that the language of section 78 contains no restriction on its applicability post-appointment. Hebert contends that adopting Richard's logic—that section 78 applies only pre-appointment—would mean that a person convicted of a felony offense post-appointment would be unqualified to serve, but would be allowed to continue to serve simply because he had already been appointed. Hebert asserts this "creates the intolerable circumstance of being forced to allow an unqualified person to remain as executor."

Hebert also argued in his motion that the payment of the verified claim would be a misapplication of estate property. Hebert presented evidence that Richard filed the verified claim on his own behalf and on behalf of his siblings in an attempt to gain the same settlement funds resolved against Richard by a prior judgment. The trial court heard evidence of unsuccessful lawsuits filed by Richard prior to his appointment that were attempts to receive portions of the asbestos settlement funds. The trial court also heard evidence that several *lis pendens* had been filed. The trial court's findings of fact include findings that, despite contrary rulings, Richard "allowed and approved" his verified claim. The trial court found Richard did not file an inventory within ninety days of being appointed as successor executor. The trial court's conclusions of law state, among other things, that the verified claim was a personal claim favoring Richard and his siblings against the interest of Carl's estate, that Richard's "allowance and approval" of the verified claim and participation

in related legal actions were adverse to Carl's estate, and that Richard is disqualified to serve as independent executor of Carl's estate.

Richard's claim was listed on his first untimely inventory that was not presented to the court. The record supports the court's finding that Richard did not file the inventory within ninety days of his qualification. Although the trial court did eventually approve an amended inventory Richard filed shortly before the removal hearing, that amended inventory did not include the $150,000 claim.

■■■■ A judgment in a non-jury trial, if correct under any legal theory "supported by sufficient evidence and findings of fact, will be upheld even though there are errors in the conclusions of law." *Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626, 630 n. 10 (Tex.1992). We therefore need not decide whether section 149C precludes removal based on an executor's "post-appointment" disqualification under section 78, because in this case sufficient grounds support removal under the provisions of section 149C. Section 149C(b) provides in part that the order shall state the cause for the removal. TEX. PROP.CODE ANN. § 149C(b). Here, the record and the findings by the trial court support the order. In addition to finding that the independent executor was disqualified because he was "unsuitable," the order concluded "removal" was appropriate. The court found sufficient grounds under the removal statute as well as the disqualification statute to replace Richard as independent executor of Carl's estate.

Under section 149C, a trial court may remove an executor when "sufficient grounds *appear to support belief* that [the independent executor] has misapplied . . . or is about to misapply . . . all or any part of the property committed to [the independent executor's care.]" TEX. PROB.CODE

ANN. § 149C(a)(2) (emphasis added). In this provision, the word "belief," preceded by the words "appear" and "support", does not imply a requirement of certitude. *See id.* Rather, it appears the Legislature intended to give discretion to the court to remove an independent executor under this provision when sufficient grounds indicate to the judge an effort by the independent executor to misapply estate property. *See Kappus*, 284 S.W.3d at 836 ("engaged in subterfuge or wrongful misuse").

In deciding to remove Richard, the court was not required to determine the merits of Richard's claim as a wrongful death beneficiary to any future settlement payments, or to decide the limitations issue. On this record, the judge could reasonably conclude "sufficient grounds appear to support belief" that Richard intended to apply any funds received by the estate to pay a judgment-barred claim, a claim he did not list on the amended inventory presented to and approved by the court. *See* TEX. PROB.CODE ANN. § 149C(a)(2); *Black*, 835 S.W.2d at 630, n. 10. The court could reasonably conclude under the circumstances of this case that the process Richard followed as independent executor to pursue his contested adverse claim against the estate was "sufficient grounds" for Richard's removal under section 149C(a)(2). The removal order is supported by sufficient evidence. The trial court did not abuse its discretion by removing Richard. Issue three is overruled.

The order of removal is affirmed.

AFFIRMED.