

# NUMBER 13-12-00288-CV & NUMBER 13-12-00339-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE ESTATE OF BETTY LOU HUGHES

**On appeal from the County Court
of Jefferson County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Perkes and Wittig[1]
Memorandum Opinion by Justice Wittig**

In an opinion and judgment issued on October 24, 2013, we affirmed the trial court's judgment removing appellant Michael Alton Hughes as independent executor of the Betty Lou Hughes Estate and the order appointing his brother David Lee Hughes in his stead. *See generally In re Estate of Betty Lou Hughes*, No. 13-12-00288-CV, 2013 WL ___ (Tex. App.—Corpus Christi Oct. 24, 2013, no pet. h.). Appellant, Michael Alton

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN § 74.003 (West 2005).

Hughes thereafter filed a motion for extension of time to file a motion to reconsider and/or en banc consideration which we herein grant. On November 18, 2013, appellant filed a motion to reconsider or for rehearing. We deny the motion; however, we withdraw our previous opinion and judgment, and issue this opinion and judgment in their place.

These appeals[2] are from the trial court judgment removing appellant Michael Alton Hughes as independent executor of the Betty Lou Hughes Estate, docketed in our cause number 13-12-00288-CV, and the order appointing his brother David Lee Hughes in his stead, docketed in our cause number 13-12-00339-CV. These matters were consolidated for briefing purposes, and in the interests of efficiency, we issue one opinion addressing both causes.

In summary, appellant contends the trial court erred because it failed to comply with Probate Code requirements, the evidence was legally and factually insufficient, multiple findings of fact were not supported by the evidence, and David Hughes was not qualified to be executor because of a conflict of interest. Appellees David Hughes, Mark Hughes and Chris Hughes are the other beneficiaries of the estate. We will affirm the trial court's removal judgment and appointment order.

## I. BACKGROUND

Betty Lou Hughes died February 7, 2008, leaving a valid will dated February 16, 1983. Appellant received letters testamentary on March 12, 2008. Appellant and appellees are the beneficiaries of the estate and are to share and share alike. An initial inventory and list of claims was filed on January 27, 2009 and was amended January 27,

---

[2] These cases are before the court on transfer from the Ninth Court of Appeals in Beaumont, Texas, pursuant to a docket equalization order the Texas Supreme Court issued. *See* TEX. GOVT. CODE ANN. § 73.001 (West 2013).

2

2010.  Appellees filed a petition for removal of the executor and appointment of a successor on April 13, 2011.  Appellees subsequently filed an amended petition for removal, a demand for accounting, and in the alternative, a demand for distribution on December 14, 2011.  On January 25, 2012, the trial court ordered appellant to prepare an updated accounting, which was completed on February 15, 2012, and which did not indicate a need for the estate to stay open and not be distributed.  After a hearing on March 7, 2012, the trial court removed appellant as executor and subsequently appointed David Hughes as independent executor.

The court made multiple findings regarding the removal of appellant as executor. It found that appellant misapplied estate funds of $2,774 to retain an attorney for personal business.  Appellant as executor also used estate funds of $2,075.95 to buy an airline ticket for personal use.  He accepted an unreported finder's fee on the sale of estate property on two occasions.  Appellant "misapplied [e]state funds" by receiving $4,900 from the IRA account while not disclosing the transaction, not making a similar distribution to the other heirs, and not reimbursing the estate for this amount.   In July 2011, appellant filed estate returns late for 2008 through 2010.

In its conclusions of law, the trial court found appellant showed neither sufficient cause supported by oath why a final settlement of the estate was not made within three years as required nor just cause to warrant the estate remaining open more than three years as required by section 222 of the Texas Probate Code.   *See* TEX. PROB. CODE ANN. § 222(b)(6) (West Supp. 2011).  Also in its conclusions of law, the court found that appellant improperly deducted life insurance proceeds payable independently to David

3

Hughes from an estate distribution to him. The court concluded appellant was guilty of mismanagement and misapplication of the estate and should be removed pursuant to section 222 of the probate code. The court entered a judgment removing appellant as executor and subsequently appointed David Hughes as executor.

## II. STANDARD OF REVIEW

An appellate court reviews a trial court's order removing an independent executor for an abuse of discretion. *In the Estate of Hoelzer*, 310 S.W.3d 899, 905 (Tex. App.—Beaumont 2010, pet. denied) (citing *Lee v. Lee*, 47 S.W.3d 767, 789 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Spies v. Milner*, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth 1996, no writ)). An appellate court will not overturn the trial court's decision merely because the appellate court might have reached the opposite conclusion, but will do so when the trial court's decision is arbitrary, unreasonable, and without reference to any guiding rules and principles. *Lee*, 47 S.W.3d at 786 (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)). Under an abuse of discretion standard of review, we must make an independent inquiry of the entire record to determine if the trial court abused its discretion and we are not limited to reviewing the sufficiency of the evidence to support the findings of fact made. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex. 1992) (orig. proceeding). We will not analyze the trial court's fact findings separately from our analysis of whether the trial court abused its discretion in removing someone as administrator. *In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, writ denied).

4

### III. ANALYSIS

Appellant argues against the trial court's findings regarding the misapplication of estate funds in the amounts of $2,774 and $4,900 because the funds were in fact accounted for as distributions to him.   Appellant needed to pay his personal attorney so he took the $2,774 from the estate checking account and either paid the money directly to his attorney, or paid himself and then the attorney.   There is evidence on the November 2010 disbursement sheet that appellant showed a $2,774 distribution to himself, but both the testimony and disbursement sheet showed no contemporaneous or corresponding disbursements to the other beneficiaries.   There is no entry of the $4,900 also claimed to be a disbursement.   Rather, the record reflects appellant received a $4,900 check payable to him personally from the estate's IRA account and it was deposited to his personal account.    Appellant testified he planned on making a distribution to others but did not get to it.   "I received that $4,900 from UBS right before the first of the year.   I just held on to it.   It was made out to me, so I didn't want to get that confused with trying to deposit it into the estate funds."   Appellant also paid personal income tax on the distribution.   His justification was that he expected a $55,000 rent check right after the first of the year when he planned to make more distributions.

The trial court also found a $2,075.95 misapplication of funds.   Appellant testified he needed to purchase an airline ticket but his personal credit card lacked a sufficient available balance so he used the estate's credit card.   He claims to have deposited $2,380 into the estate the same day, but the trial court found it could not determine if a reimbursement was made because there is no such reference in the accounting filed on

5

February 15, 2012. Appellant admitted he had no documentation of the reimbursement and no like distribution was made to the other beneficiaries.

The trial court found that appellant, as independent executor, received a finder's fee or commission for the sale of estate properties in Nederland and Center, Texas. Receipt of the fees was not disclosed, and the real estate settlement documents did not reflect the payments, which represented a referral fee of twenty-five percent of the selling side commission. Appellant admitted receiving the funds but claimed he did not receive the fee from the estate although the twenty-five percent fee was based upon a percentage of the real estate commissions in the property sales and came from the broker. No disclosures were made in the estate filings. We note that appellant is a licensed realtor.

Appellees cite *In the Interest of Roy* for the well established principle that a fiduciary relationship creates a duty to disclose. *See* 249 S.W.3d 592, 597 (Tex. App.—Waco 2008, no pet.) (citing *Tempo Tamers, Inc. v. Crow-Houston Four, Ltd.*, 715 S.W.2d 658, 669 (Tex. App.—Dallas 1986, writ ref'd n.r.e.)). There, the executor took a fee for the sale of the residence without disclosing this in the accounting and also reduced the rent. *Id.* The executor argued that the estate had no money to pay his administrative fees and that the $5,000 was the only money he had ever received for his work for the estate. *Id.* "These arguments cannot justify Clark's failure to disclose. Therefore, the trial court acted within its discretion to remove Clark as independent executor."[3] *Id.*

---

[3] Clark's failure to disclose his fee was exacerbated by the fact he lowered the rent to a related entity by almost half. *In the Interest of Roy*, 249 S.W.3d 592, 597 (Tex. App.—Waco 2008, no pet.).

Appellant disputes the court's finding that he failed to make a final settlement of the estate within three years after the grant of letters as required by subsection (6) of section 222 of the probate code. *See* TEX. PROB. CODE ANN. § 222. The trial court's conclusion of law stated that appellant as independent executor had not shown sufficient cause, supported by oath, as to why a final settlement of the estate had not been timely made and there was not sufficient cause supported by oath to justify the estate remaining open for more than three years after letters testamentary were granted. Appellant argues he had sufficient cause for his failure to settle the estate because he was denied information from Chris Hughes regarding the valuation of Delta Security, a family owned company. The will provided that total distributions were to be of equal value but there was no requirement for equal in kind distribution. The executor had discretion to make distributions in kind, partly in kind, partly in money, and by undivided interests. The will also provided that distributions in kind should be valued at fair market value as of the date or dates of distribution.

Appellees counter that the new shares of stock were already issued by Delta Security, pursuant to appellant's request. Each beneficiary received his respective shares of 600 each. Furthermore, the value of the stock in the estate was determined by an accounting firm hired by the estate to be $250,000 as of the day of Betty Lou Hughes's death. In appellant's sworn inventory filed on January 22, 2009, he stated the company stock was worth $250,000. In his answers to interrogatories, appellant stated: "[U]nder Texas law ownership of the decedent's stock automatically became vested in the

_____

Here, it was also alleged that appellant significantly lowered the price on the Netherland property from $239,000 to $170,000 without consultation or explanation. The trial court, however, made no finding in this particular regard.

7

beneficiaries once the [w]ill was admitted to probate. A formal assignment of the decedent's shares of stock is not required. The corporation's board of directors . . . may authorize the issuance of new stock certificates."[4]

The trial court also found that the accounting filed on February 15, 2012 did not indicate a need for the estate to stay open and not be distributed. Further, in its conclusions of law the court found appellant's inquiries concerning Delta Security were not relevant to the estate and were not necessary to the administration or distribution of the estate.[5] In any event, appellant clearly did not make a final settlement within three years and the time was not extended by the trial court based upon a showing of sufficient cause supported by oath. *See id.* § 222 (b)(6) (requiring *executor* as personal representative to make a final settlement within three years after the grant of letter unless extended by the court upon showing of sufficient cause supported by oath) (emphasis added).[6] In light of the fact that the new certificates had already been equally issued by the corporation, the fact that appellant took the position that the new stock ownership in the company vested upon the death of Betty Lou Hughes, and the appellant's failure to obtain an extension, we cannot disagree with the trial court's findings and conclusions based upon the record.

Appellant disputes the trial court's finding that he failed to timely pay property taxes

---

[4] None of the parties briefed this declaration by appellant. *See* TEX. PROB. CODE ANN. § 37 (West Supp. 2011).

[5] Appellant does not address this conclusion of law.

[6] Section six is the only provision of section 222 applicable here that specifically addresses executors. The gravamen of both appellant and appellees' arguments are directed principally to section 222 and fail to address section 149c even though this section specifically addresses the removal of an independent executor and was pled by appellees. *See* TEX. PROB. CODE ANN. §§ 222,149c.

8

which resulted in the payment of penalties. To the contrary, appellant's deposition testimony filed with the trial court on January 23, 2012 in response to appellant's motion to abate, indicated at least one occasion when the taxes were not timely paid.[7]

A number of other lesser disputes were brought to the trial court's attention and included in its findings and conclusions. These included late filing of the estate tax returns, misapplying estate funds to purchase other securities such as Frontera Reserves and Canargo Energy, failing to place "For Sale" signs on several estate properties purportedly for sale, failing to deal with mineral interests, and failing to provide the physical location and status of seventeen firearms. In light of our conclusions below, we deem it unnecessary to write on each of these matters. *See* TEX. R. APP. P. 47.1.

Appellant argues the trial court erred by entering its March 9, 2012 order removing him as executor because the court failed to state a reason as required by section 222(b). *See* TEX. PROB. CODE ANN. § 222. The order states that the executor was removed because of noncompliance with the terms of the will. Appellees point out that several of the specified reasons for removal under section 222 are found in the trial court's findings of fact and conclusions of law. We agree with appellant that section 222 requires denominating the grounds for removal within the order. However, in light of the fact the trial court specified a number of violations of sections 222 and 149c in its findings and legal conclusions, the error probably did not cause the rendition of an improper judgment and did not prevent appellant from properly presenting his case to the appellate court. TEX. R. APP. P. 44.1; *see Eastland v. Eastland*, 273 S.W.3d 815, 827 (Tex.

---

[7] As stated previously, we review the contents of the entire record in determining whether the trial court abused its discretion in removing the independent executor. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex. 1992) (orig. proceeding).

App.—Houston [14th Dist.] 2008, no pet.) (discussing harmless error with regard to appointment of successor independent executor).

Appellant also argues that the will states he should not be liable for "mistakes or errors in judgment" but shall be liable only for "bad faith or dishonesty." Appellant seems to argue that this exculpatory language trumps provisions of the Texas Probate Code. He argues there are no allegations or evidence under items (2), (3), (5) or (7) of this section. *See* TEX. PROB. CODE ANN. § 222. We agree in part. However, both section (6), failure to make a final settlement within three years unless extended by the court, and wrongful misapplication of estate property under 149C support the trial court's actions in removing appellant as executor. *See id.* §§ 222(b)(6), 149c(a)(2). Appellant cites no authority that the exculpatory provision of the will abrogates statutory authority or the inherent power of the trial court to remove an executor under the particular circumstances of this case. We find no such authority and accordingly overrule this issue.

Finally, appellant argues the trial court erred when it determined David Hughes was qualified to act as successor independent executor because he had a conflict of interest with the estate. The alleged conflict, the argument goes, arises from David Hughes's testimony regarding a letter written by his mother, the testatrix. The letter, which is barely decipherable, seems to state she wanted all her assets to be distributed equally between her four sons to include insurance policies, IRAs, CDs, etc. David testified, "I choose not to give it any meaning."

Appellees counter that the letter has not been qualified as a will or codicil because it has not been admitted to probate by a court of competent jurisdiction, citing *Teague v.*

10

*Wylie*, 110 S.W.2d 941, 944 (Tex. Civ. App.—Fort Worth,1937, no writ). Appellant has not shown that the letter has been admitted into probate. We overrule this issue.

## IV. CONCLUSION

Section 222(b)(6) of the Probate Code provides for the removal of a executor if he fails to make a final settlement within three years, unless the time is extended by the court upon showing of sufficient cause supported by oath. There is no extension of time in this case. We hold that the trial court's findings and conclusions concerning appellant's alleged violations are supported by ample evidence. *See Carmichael v. Carmichael*, 432 S.W.2d 129, 130 (Tex. Civ. App.—Waco 1968, writ ref'd. n.r.e.). Accordingly, the trial court did not abuse its discretion in removing appellant as executor.

We also note that probate code section 149C(a)(2) authorizes removal if sufficient grounds appear to support the belief that the independent executor has misapplied or embezzled, or that the independent executor is about to misapply or embezzle, all or any part of the property committed to his care. *See Ali Akbar Mohseni v. Hartman,* 363 S.W.3d 652, 659 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *In the Estate of Hoelzer,* 310 S.W.3d 899, 907 *(*Tex. App.—Beaumont 2010, pet. denied*)* (holding court need not decide whether section 149C precludes removal based on an executor's "post-appointment" disqualification under section 78, because sufficient grounds support removal under the provisions of section 149C); *see also Kappus v. Kappus*, 284 S.W.3d 831, 835–36 (Tex. 2009). We hold that the wrongful misapplication of estate funds found by the trial court supports the statutory grounds for removal under section 149C(a)(2). Stated otherwise, sufficient grounds appear to support the belief that appellant had

11

misapplied or was about to misapply all or any part of the property committed to his care. TEX. PROB. CODE ANN. §149C(a)(2).

Appellant has not shown that David Hughes is disqualified from serving as independent executor. Indeed, David Hughes is named as alternate independent executor in Betty Lou Hughes's will. Appellant's issues are overruled.

The judgment of removal and the appointment order of the trial court are affirmed.


Don Wittig
Justice

Delivered and filed the
16th day of January, 2014.